UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**LISA WAGNER,**

Plaintiff,

vs.

**OFFICER JOHN JORGENSEN** (in his individual and official capacity); **OFFICER BRYAN ANDERSON** (in his individual and official capacity); and the **CITY OF ROSEVILLE**

Defendants.

Court File No. 14-CV-3422 (PJS/SER)

**SECOND AMENDED COMPLAINT**

---

Plaintiff Lisa Wagner through her attorney Christopher J. Kuhlman, Union Plaza, 333 Washington Avenue North, Suite 335, Minneapolis, Minnesota 55401, alleges the following for her causes of action against the Defendants:

## PARTIES

1. Plaintiff Lisa Wagner is a citizen of the United States and was at all times relevant to this action, a resident of Mower County, Minnesota.

2. Upon information and belief, Defendant Officer John Jorgensen was, at all times relevant herein, duly appointed and acting as a police officer with the Roseville Police Department which is within Ramsey County.

CASE 0:14-cv-03422-PJS-SER Doc. 19 Filed 04/29/15 Page 2 of 8

3. Upon information and belief, Defendant Bryan Anderson was, at all times relevant herein, duly appointed and acting as a police officer with the Roseville Police Department which is within Ramsey County.

4. Upon information and belief, Defendant City of Roseville ("City") is a Plan B statutory city and at all times relevant to this matter employed Defendants Jorgensen and Anderson. The City is a Defendant in this lawsuit by naming Defendant Officers in their professional capacity.

## JURISDICTION & VENUE

5. Wagner brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(3) and Minnesota common laws of Battery and Assault..

6. Venue is proper in Ramsey County because the events or omissions giving rise to Wagner's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. On or around April 13, 2013, Wagner had secured lodging at the Radisson Hotel within Roseville, Minnesota with her boyfriend and several other friends that evening.

8. In the early hours of the morning, Wagner came out into the hallway of the hotel to investigate a commotion.

9. While in the hallway, Wagner saw several members of the Roseville Police department in the process of arresting her boyfriend.

10. Ms. Wagner attempted to inquire why the officers were arresting her boyfriend.

11. Wagner was told that she should leave the premises by Officer Anderson.

12. Wagner asked Officer Anderson why the other people could not leave with her.

13. Officer Anderson responded by saying, "I don't know what you mean." Afterwards Officer Anderson told her that he was asking her to leave.

14. Wagner stated, "Ok, I'm leaving."

15. As Wagner began to leave, Officer Anderson said, "I am going to place you under arrest here, in about a second."

16. Wagner asked Officer Anderson what she had done. Afterwards she told Officer Anderson that she was leaving and again that she was "leaving willingly."

17. Officer Anderson than grabbed Wagner and began to shove her.

18. Wagner asked him to please not shove her.

19. Officer Anderson took Wagner to the ground.

20. Officer Jorgenson than approached and delivered at least three successive taser cycles to Wagner.

21. Officer Jorgenson's taser deployments were in such rapid succession that Wagner never had the opportunity to recover from the extreme pain she was experiencing.

22. As a result of Defendants' conduct, Wagner has suffered from an assortment of symptoms, including: anxiety, confusion, fear, and nervousness.

**COUNT I:**

**VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE USE OF FORCE / UNREASONABLE SEARCH & SEIZURE / UNLAWFUL ARREST**

23. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

24. The conduct described above will establish that Defendants in their individual and official capacity, violated Wagner's Fourth Amendment rights by using excessive force to affect her arrest.

25. In violation of 42 U.S.C. § 1983, Defendants, under color of state law, deprived Ms. Wagner of her right to be free from excessive force and unreasonable search and seizure.

26. The Defendants' actions were not objectively reasonable under the Fourth Amendment or for purposes of qualified immunity under the totality of circumstances.

27. Defendants subjected Plaintiff to these deprivations of constitutional rights either maliciously, intentionally, deliberately, willfully, or by acting with reckless disregard for whether Plaintiff's civil rights would be violated by their actions.

28. As a direct and proximate result of the acts of Defendants, Plaintiff has suffered physical injury and mental anguish, and is therefore damaged in an amount in excess of seventy-five thousand dollars ($75,000.00).

29. Punitive damages are also properly awardable against Defendants and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. § 549.20.

30. Plaintiff is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

**COUNT II:**

**BATTERY**

31. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

32. Defendants used more physical force than was reasonable and necessary under the circumstances to arrest Wagner. Such unwanted contact and excessive force constitutes common law battery.

33. As a direct and proximate result of Defendants' battery, Plaintiff suffered physical injury, pain and suffering, mental anguish and humiliation in excess of fifty thousand dollars ($50,000.00).

34. Defendant City of Roseville is jointly and severally liable for the actions of its Officers under the doctrines of agency and *respondent superior*.

## <u>COUNT THREE</u>

## CIVIL RIGHTS VIOLATIONS BY DEFENDANT CITY OF ROSEVILLE

35. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

36. Upon information and belief, before and after April 13, 2013, Defendant City of Roseville, with deliberate indifference to the rights of citizens, initiated, tolerated, permitted, failed to correct, promoted, or thereafter ratified a custom, pattern and practice on the part of its policy personnel, including Defendants Jorgensen and Anderson, of unjustified, unreasonable, and illegal use of excessive force involving the use of tasers.

37. Upon information and belief, before April 13, 2013, Defendants City of Roseville adopted certain customs or policies, including, but not limited to: negligent failure to train officers, including Defendants Jorgensen and Anderson, in the use of tasers; provision of inadequate instruction in the proper use of tasers; failure to adopt and implement appropriate policies and protocol regarding the use of force as they apply to the proper use of tasers.

38. In addition, Defendant is liable to Plaintiff by reason of principles of respondeat superior.

39. As a direct and proximate result of Roseville’s negligence as described above, Plaintiff has suffered physical injury and mental anguish, and is therefore damaged in an amount in excess of seventy-five thousand dollars ($75,000.00).

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor as follows:

1. That the practices of Defendants complained of herein be adjudged in violation of the rights secured by Wagner under the Fourth Amendment.

2. That the practices of Defendants complained of herein be adjudged in violation of Minnesota common law.

3. That the City of Roseville is vicariously liable for Defendant Officers' conduct adjudged in violation of Minnesota common law.

4. That a permanent injunction be issued prohibiting Defendant Officers from engaging in unreasonable seizures in violation of the Fourth Amendment.

5. That Plaintiff is awarded compensatory damages in an amount to be established at trial.

6. That Plaintiff is awarded damages for mental anguish and pain and suffering in amount to be established at trial.

7. That Plaintiff is awarded punitive damages against Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983.

8. That the Court award Plaintiff her attorney's fees and costs and expenses of this action and prejudgment interest pursuant to 42 U.S.C. §§ 1983 and 1988 and Minnesota law.

9. For such other and further relief as this Court deems just and equitable.

Respectfully submitted,

Dated: January 7, 2015

Christopher J. Kuhlman, #0386840

**KUHLMAN LAW, PLLC**
333 Washington Ave. N., Suite 335
Minneapolis, MN 55401
Phone: 612.349.2747
Fax: 612.435.9835
Email: ckuhlman@cklegal.com

ATTORNEY FOR PLAINTIFF

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that sanctions may be awarded, pursuant to Minn. Stat. § 549.211, to the parties against whom the allegations in the pleadings are asserted.

January 7, 2015

Christopher J. Kuhlman