# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Lisa Wagner,

Plaintiff,

v.

Officer John Jorgensen, individually and in his professional capacity as a Roseville Police Officer; Officer Bryan Anderson, individually and in his professional capacity as a Roseville Police Officer

Defendants.

Case No: 14-CV-3422 (PJS/SER)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

## FACTS

This is a simple case with simple damages. On April 13, 2013, Lisa Wagner's boyfriend was being arrested by police officers outside of their hotel room. (Sec. Am. Compl. at ¶ 9 at ECF No. 19). She asked the officers why he was being arrested and instructed to leave the premises. Wagner began to leave the premises when she was grabbed by a police officer, shoved into the wall, thrown to the floor and subjected to multiple successive taser cycles by another officer. (*Id.* at ¶20). As a result of the incident, she experienced burn marks/lesions on her skin from the taser and bruising on her leg and wrists from the handcuffs. Wagner does not claim that she suffered any broken bones or is claiming any future medical damages for her physical injuries. (*see*

Hruby Aff. at Ex. 7, Pltf's Ans to Rogg. 3). Indeed, Wagner had one doctor's appointment three days after the incident and received no further treatment. (Kuhlman Dec at Ex 1). Despite the limited nature of Plaintiff's physical injuries, Defendant wants Plaintiff to execute a medical release for every single medical facility she has ever treated at; at any time; on any date; and with no exceptions whatsoever. (Kuhlman Dec. at Ex 2, Defendant's Medical Release)

**AUTHORIZATION FOR RELEASE OF INFORMATION AND FOR REDISCLOSURE**

I authorize ________________________________________,
whose address is ______________________________________,

to disclose and deliver to **JARDINE, LOGAN, & O'BRIEN, PLLP**, whose address is 8519 EAGLE POINT BLVD., SUITE 100, LAKE ELMO, MN 55042, their representatives, employees, and/or LMCIT all medical information, x-rays, etc. (including, but not limited to that which involves treatment for psychiatric and/or psychological conditions, sickle cell anemia, alcohol and/or drug abuse, and for testing and/or treatment of human immunodeficiency virus [HIV], or acquired immunodeficiency syndrome [AIDS] which are protected by FEDERAL LAW [42 CFR Part 2]) maintained on me at your facility at any time that I was a patient at the facility, on any date, with the following exceptions: **NONE --- This authorization allows release of ALL portions of your files regarding me, including x-ray films, lab and testing results, correspondence and records/reports you have from other medical providers or facilities.**

(*Id.*) (highlighting added).

Similarly, even though Plaintiff is only claiming garden variety emotional damages, Defendant is seeking disclosure of her entire mental health records and to subject her to a mental health IME. The breadth of Defendant's discovery requests make clear that it is on nothing more than a fishing expedition, with the only purpose to harass and intimidate Plaintiff. Accordingly, Defendant's motion must be denied.

## ARGUMENT

> While the standard of relevance in the context of discovery is broader than in the context of admissibility [] this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery.

*Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (citations omitted).

## I. DEFENDANT'S REQUEST FOR PLAINTIFF'S NON-MENTAL HEALTH RECORDS IS OVERBROAD BECAUSE SHE SUFFERED A DISCRETE PHYSICAL INJURY WITH NO NEED FOR FUTURE MEDICAL TREATMENT.

"When seeking discovery of medical records, the defendant must establish a need for the medical records through **narrowly-tailored** discovery requests." *Doe v. Mulcahy, Inc.*, Civil No. 08-306 (DWF/SRN) 2008 U.S. Dist. LEXIS 81911, *16-17 (D. Minn. Oct. 14, 2008) (emphasis added). Defendant's requests for Plaintiff's medical records are not "narrowly-tailored." Rather, Defendant (over)broadly requests **all** of Plaintiff's medical information. (Defendant's Motion to Compel, ECF No. 29); (Kuhlman Dec. at Ex. 2).

Defendant has yet to offer a single reason as to why they need Plaintiff's chiropractic records or her entire medical records for every single medical condition she has ever been treated for at the Mayo Clinic-Austin throughout her lifetime. Defendant's inability to articulate a reason as to why they would need Plaintiff's entire medical history in light of the fact that Plaintiff only required one medical treatment for her physical injuries in itself demonstrates that Defendant is on nothing more than a fishing expedition.

## II. DEFENDANT'S REQEUST FOR PLAINTIFF'S MENTAL HEALTH RECORDS IS OVERBROAD BECAUSE SHE IS ONLY CLAIMING WHAT COURTS CHARACTERIZE AS "GARDEN-VARIETY" EMOTIONAL HARM.

In this case, Plaintiff is seeking what courts characterize as "garden variety" emotional harm damages. Specifically, "her claims are commonplace (i.e. humiliation, embarrassment, pain and suffering) and she does not plan to call an expert to testify about

her emotional distress." *Lathrop v. Wells Fargo*, Civil No. 12-01805 (DSD/FLN) (D. Minn. Apr. 26, 2013).

This Court analyzed the identical issue in *Lathrop*, explaining:

> Based on a review of other state Supreme Court holdings and analogous considerations made by various federal courts, this Court concludes that Lathrop's mental condition is not "in controversy." Three state Supreme Courts have squarely addressed the question before the Court and two of those three concluded that a claim for garden-variety emotional distress does not waive the relevant physician-patient and/or psychiatric-patient privilege. There is also a split among lower state courts and federal courts, but the weight of authority supports the conclusion that seeking damages for garden-variety emotional distress does not constitute a waiver of a plaintiff's psychiatric-patient privilege.
>
> Federal common law does not recognize a physician-patient privilege, but it does recognize a psychotherapist-patient privilege that protects confidential communications between psychotherapist and patients. *Jafee v. Redmond*, 518 U.S. 1 (U.S. 1996). The public policy underlying this privilege is the same as that underlying Minnesota's physician-patient privilege—that is, both are designed to promote trust between patients and medical and mental health providers so that patients receive the best care possible without fear of potential future litigation. Some federal district courts have adopted a broad view, holding that claims for garden-variety emotional distress damages constitutes waiver of the privilege. Others have adopted a more narrow approach which holds that mere "garden-variety" allegations, without more, are not enough to justify a waiver of the privilege. See *Ruhlmann v. Ulster County Dep't of Soc. Servs*., 194 F.R.D. 445, 448 (N.D.N.Y. 2000)("[F]inding that plaintiff placed his mental and emotional condition at issue by seeking incidental emotional distress damages, thereby waiving the psychotherapist-patient privilege, is clearly erroneous and contrary to law.").
>
> A close examination of the cases supporting the broad view reveals that most are easily distinguishable from this case because they address claims of *extreme* emotional distress, independent tort claims (either intentional or negligent infliction of emotional distress), or diagnosable emotional disorders (e.g. post-traumatic stress disorder). *Id* at 451. Lathrop does not claim extreme emotional distress (but its opposite, "garden-variety" emotional distress), has not asserted an independent tort claim for intentional or negligent infliction of emotional distress, and does not

> contend that she suffers from any medically diagnosed emotional disturbance. Nor does she intend to call at trial any expert on the issue of emotional distress.
>
> Minnesota's physician-patient privilege "should be protected wherever possible and feasible." *Welton v. Emerson*, 2009 Minn. Dist., 7 (Minn. Dist. Ct. 2009). This Court agrees with the weight of authority supporting the more narrow view of whether a claim for garden-variety emotional distress waives the privilege. To that end, this Court concludes that under Minnesota law, Lathrop has not placed her mental condition in controversy by seeking garden-variety emotional distress damages. Wells Fargo's request for Lathrop's mental health records must be denied.

*Id. see also Womack v. Wells Fargo bank, N.A.*, 275 F.R.D. 571 (D. Minn. 2011) (a claim for garden-variety emotional harm damages does not open up a plaintiff's mental health records to discovery).

Here, the facts of this case are nearly identical as those to *Lathrop*. Plaintiff "has not asserted an independent tort claim for intentional or negligent infliction of emotional distress" and does not "intend to call at trial any expert on the issue of emotional distress." Defendant, nonetheless, insinuates that because Plaintiff testified at length regarding her emotional distress at her deposition, that her mental health records should be discoverable. (Def's Memo of Law at p. 5). Here, the main reason Plaintiff testified in length about her emotional harm damages at her deposition was because Defense counsel conducted an almost seven-hour deposition of her and spent great lengths asking her about her emotional harm. (Hruby Aff at Ex 1. At p. 1 of Depo transcript and last page of transcript showing that the deposition started at 9:43 AM and concluded at 4:56 PM). When a deponent is asked repeated questions about their emotional harm, asked to elaborate on those claims and under the deposition format, is required to give answers,

the only logical outcome is that there will be substantial testimony on her emotional harm damages. This testimony could most certainly be culled down through direct examination where the focus could be on her specific anxiety, embarrassment, and apprehension she experienced as a result of the officers' improper conduct.

To further its argument that it should be allowed access to Plaintiff's mental health records, Defendant misstates the record by claiming that Exhibit 11 somehow stands for the proposition that Plaintiff's emotional distress claim is the crux of her damages case. (Def.'s Memo of Law at p. 12).[1] A quick review of Exhibit 11 shows that nothing along this line is stated whatsoever in the exhibit. Indeed, in addition to emotional harm damages, Plaintiff is also seeking significant damages for the pain and suffering of being subjected to multiple taser cycles and punitive damages against the officers for their blatant violations of her civil rights. (*See* Sec. Am. Compl. at "Relief" section ¶¶ 6, 7 at ECF No. 19).

*Schaadt v. St. Jude Med. S.C., Inc.*, a case cited by Defendants in their brief explicitly states that the monetary figure attributed to emotional distress damages is not alone enough to order a party to submit to an IME. 2006 U.S. Dis. LEXIS 101183 at *7 (D. Minn. Apr. 4, 2006) (citation omitted) (finding that Plaintiff's seeking of $750,000.00 in emotional distress damages is not in itself sufficient to place her medical condition in controversy and require her to submit to an IME).

[1] Defendant also claims the fact that emotional harm damages were pled in excess of $75,000 in the Complaint is an indication that her emotional distress damages are the significant portion of her damages (See Def's Memo of Law at p. 12).

Plaintiff also disagrees with Defendant's assertion that her symptoms are on par with those experienced by the claimant in *Schaadt* and that her ability to function has been impaired. Unlike the plaintiff in *Schaadt*, Plaintiff has not lost weight, experienced an onset of acne, or withdrawn socially. While Plaintiff has experienced [redacted] she has continued to work and live her life and be able to function unlike the individual in *Schaadt*. (Kuhlman Dec. at Ex. 3, p. 11 of depo transcript) (testifying that no doctor since the incident has placed her on work restrictions and is employed). Accordingly, Plaintiff's claim for emotional distress is still encompassed within the realm of garden-variety damages *Phalp v. City of Overland Park*, No. 00-2354-GTV, 2002 U.S. Dist. LEXIS 999 at * 4 (D. Kan. Jan. 21, 2002) ("sadness anger, grief, loneliness" feelings do not trigger an IME) (this case was cited by the *Schaadt* Court at * 8).

## CONCLUSION

Based upon the foregoing reasons as well as those to be set forth at oral argument, Plaintiff respectfully requests that Defendant's Motion be denied in its entirety.

Dated: October 8, 2015

s/Christopher Kuhlman______________
Christopher J. Kuhlman (386840)
**KUHLMAN LAW, PLLC**
333 Washington Ave. N., Suite 335
Minneapolis, MN 55401
Phone: 612.349.2747
Fax: 612.349.2760

Email: ckuhlman@cklegal.com
ATTORNEY FOR PLAINTIFF